IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | | |
|---|---|---|---|---|
| (1) | TERESA ESPINOSA, | ) | | |
| | | ) | | |
| | Plaintiff, | ) | | |
| | | ) | | |
| v. | | ) | Civil Action No. | CIV-21-499-D |
| | | ) | | |
| | | ) | | |
| (1) | THERMACLIME TECHNOLOGIES, INC., | ) | | |
| | | ) | | |
| | | ) | | |
| | Defendant. | ) | | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, Teresa Espinosa, by and through her undersigned counsel, and by way of her Complaint against the Defendant alleges as follows:

### I.  Nature of Action

1.1     This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. 1101, *et. seq*. and Oklahoma law.  As redress for Defendant's violations of the Title VII and OADA Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, punitive damages, damages for emotional distress and attorney fees and costs.  This action seeks redress for Defendant's violation of the laws of the State of Oklahoma in connection with the agreed compensation for

1

Plaintiff's employment service with Defendant. As redress for Defendant's violations, Plaintiff prays for and demands declaratory, equitable and legal relief, compensatory damages, including wages/vacation incurred, liquidated damages incurred, attorney fees and costs in an amount which will be established at the trial of this cause.

## II.   Jurisdiction and Venue

2.1   This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 2201.

2.2   Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.3   All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied. Plaintiff filed charges of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission. On February 25, 2021 the EEOC issued to Plaintiff a Notice of Right to Sue and this suit is instituted within the 90-day deadline contained within the notice.

2.4   This Court has pendent jurisdiction over the state law claim as the claim arose under the same set of facts as the federal statutory claims.

## III.   Parties

3.1   Defendant is a domestic for profit business corporation registered to do business in the State of Oklahoma. Defendant may be served with Summons and Complaint

by serving its registered agent for service of process: Capitol Document Services, Inc., 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

3.2   Defendant conducts business and maintains an office in the judicial district of this Court.

3.3   Plaintiff is a resident of Oklahoma County, Oklahoma.

3.4   At all times relevant, Defendant employed Plaintiff.

## IV.   Background Facts

4.1   Defendant manufactures heat exchangers and other HVAC components.

4.2   At all relevant times, Plaintiff was a licensed Electrician and holds other certifications in her field.

4.3   In October 2015, Plaintiff, female, began employment at Defendant as an Electrician in the Facilities Department. Plaintiff's duties included electrical services within the infrastructure of two production facilities and on the machinery used in production. She reported to Gail Sample, male.

4.4   In this position, Plaintiff was the only female electrician in the department and the only licensed electrician.

4.5   Throughout her employment, Plaintiff was subjected to sexual harassment from male staff and management in her department.

**Sexual Harassment**

4.6   After her hire Plaintiff was sexually harassed by Walter Hunter, Maintenance Coordinator, male. He would make frequent sexual comments about her breasts and

3

sexual innuendo, including, but not limited to:  those silicone or saline; she puts out, do you; know how to lay pipe like a man; those boobs are real or fake.

4.7 Plaintiff reported the sexual harassment to her supervisor, Mr. Sample, and then Stephanie Heskew, Human Resources and John Behrand, HR Director.

4.8 Later in 2017 the Facilities Department was absorbed by Maintenance Department.  Plaintiff later received the title of Facilities Coordinator with additional duties at both production facilities.

4.9 Plaintiff was one of approximately 11 electrical technicians and the only female and licensed technician in the department.  She was now supervised by Ryan Helberg, male.

4.10 In this department, Plaintiff was subjected to acts of sexual harassment through lewd sexual commentary and gender stereotypical comments from her supervisor and male technicians in her department.  Commentary from either Jeff Singleton and Jamal Al-Bureni, male technicians, included, but were not limited to:   you are not a real electrician; you need to be working elsewhere in a woman's job; you should be at home cooking dinner; want to act like a man and do a man's job then we will teach (Plaintiff) a lesson; tuff titty . . . you need to grow some balls.

4.11 Javiera Mata, another male technician in the department, sought a sexual relationship with her and made lewd sexual commentary including, but not limited to: how much lubrication do you use; want my banana (holding a banana by his crotch); keep moving back and I will tell you when to stop; one day you will be my wife.   Other sexually

offensive behavior included, his swallowing Viagra pills with boasting comments, offering Viagra for her headache, urinating and/or exposing his penis, removing her tape measure which was attached to her waist/buttocks, talking in Spanish sexual commentary, dropping things and asking Plaintiff to pick it up and say while down there, telling Plaintiff that the only time his wife gets money is when he drops wallet under bed and she would get it with butt in air, inviting Plaintiff to hold his rod (holding an item near crotch), and slapping his leg and asking Plaintiff to sit down.

4.12   All acts of sexual harassment were unwanted and opposed by Plaintiff.

**EEOC Charge Filed**

4.13   On or about February 2020 Plaintiff again reported sexual harassment to John Behrend, HR Director.

4.14   On March 5, 2020 Plaintiff filed a charge of discrimination with the EEOC.

4.15   Behrend, HR, was critical of Plaintiff's claims of sexual harassment as Mata was married and she was single.  Behrend was further critical of Plaintiff for filing the EEOC charge.

4.16   On or about March 16, 2020, Behrend, HR, met with Plaintiff.   Here, he told Plaintiff that Mata was retiring soon and the file was closed.

4.17   Mata and other male technicians, including Angel Shegulja and Josh Lockett, retaliated against Plaintiff including reduced communication and cooperation and rude behavior.

4.18    In March and April 2020 Plaintiff reported to John Behrend, HR, the retaliatory treatment from some of the male technicians.

**Lone Electrician Selected in a RIF**

4.19    On or about May 12, 2020, John Behrend, HR, terminated Plaintiff's employment in a job elimination of approximately 23 positions out of approximately 283 limited to one production facility.   Based upon information and belief, the hundreds of production positions at the other facility were not included in the elimination.   Plaintiff performed electrical duties at both facilities.

4.20    Plaintiff was the only licensed and female electrician terminated within the department of approximately 11 male technicians.   Plaintiff was 4th most senior within the department.   Nineteen of the 23 positions eliminated were production positions.

4.21    Plaintiff had never been formally disciplined and met or exceeded performance standards.

4.22    Plaintiff's position is not dependent upon reduction in production; her duties were servicing the electrical infrastructure and production equipment at both production facilities.

4.23    At the time of her termination, the electrical maintenance department was shorthanded with many electrical projects unfulfilled.   Plaintiff was working overtime. Additionally, new equipment had been ordered requiring additional electrical services upon arrival.

**Unpaid Accrued Vacation**

4.24  At her termination, Plaintiff had earned approximately 159 hours of accrued vacation and/or paid leave.

4.25  Under policy, Plaintiff does not forfeit her accrued vacation at her separation.

4.26  Defendant has failed to remit to Plaintiff her accrued vacation.

### Count I:   Title VII and OADA

### (Sex Discrimination in Termination and Hostile Work Environment)

5.1  Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.26 of this Complaint.

5.2  At all times material to this cause of action, Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and has continuously employed and does employ fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

5.3  Plaintiff was an "employee" of Defendant and Defendant was Plaintiff's "employer", within the meaning of 42 U.S.C. § 2000e(f), throughout her employment.

5.4  Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of sex by maintaining a hostile and abusive work environment in which she was subject to unwelcome sexual harassment which was so severe and pervasive that the terms, conditions and privileges of her employment palpably deteriorated. Defendant otherwise knew or should have known of such sexual harassment and yet failed

to take prompt remedial action.

5.5     Such conduct was so extreme and pervasive that it unreasonably interfered with Plaintiff's work performance and otherwise created for her an intimidating, hostile and offensive working environment at Defendant.  By engaging in such conduct, Defendant violated Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her sex.

5.6     Plaintiff's sex was a motivating factor in Plaintiff's discharge. Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her sex in discharge.  By engaging in such conduct, Defendant violated, and continues to violate Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discharge any person because of sex.

5.7     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

5.8     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment at Defendant and the loss of compensation, including salary, bonuses and employee benefits, and promotions she would have received as an employee at Defendant had she not been discharged in violation of Title VII and OADA.

5.9     As a direct and proximate result of the violations of Title VII and OADA

alleged under this Count, Plaintiff has also suffered mental and emotional distress.

5.10   As a direct and proximate cause of the violations of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**COUNT II:   Title VII and OADA (Retaliation in Termination of Employment)**

6.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.10 of this Original Complaint.

6.2   Plaintiff complained to management of sexual harassment and retaliation toward her from her superiors and male co-workers and opposed employment discrimination from her superiors and male co-workers.  Plaintiff further filed an EEOC Charge of Sex Discrimination against Defendant during her employment.  Plaintiff held the good faith belief that she was opposing and reporting sex discrimination at work.  By Plaintiff holding the good faith belief that she was opposing discrimination and complaining of such conduct to her superior, Plaintiff was opposing and reporting discrimination made unlawful by Title VII and OADA.  Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and OADA.

6.3   Plaintiff's opposition to and complaining of discrimination was a motivating factor in the discharge of her employment.  Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to and complaining of discrimination in her termination of employment.

6.4   By engaging in the aforementioned conduct, Defendant violated, and

continues to violate Section 703(a)(1) & 704 (a) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any person because she has opposed or complained of any practice made an unlawful employment practice by Title VII and OADA.

6.5   Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff.

6.6   As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee had she not been discharged in violation of Title VII and OADA.

6.7   As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

6.8   As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

### COUNT III
### Oklahoma Wage Claim

7.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.8 of this Complaint.

7.2     Under Oklahoma's Protection of Labor statutory mechanism for recovery of unpaid wages, "vacation pay" is defined as wages.   40 O.S. § 165.1.4

7.3     Plaintiff earned and carried forward approximately 159 hours of vacation from 2015 to her termination in 2020 under a policy.

7.4     The failure to pay to Plaintiff her earned vacation/paid time is a violation of 40 O.S. §§ 165.1, 165.3, 165.9, 197.4, 197.9, *inter alia*. (requiring payment of wages earned with such payment due not more than eleven days after the date such wages were earned).

7.5     Defendant never had any policy resulting in forfeiture of earned vacation nor would such a policy be enforceable.

7.6     Despite earning approximately 159 hours of vacation, Defendant has failed to tender to Plaintiff any amount for earned vacation at and after her termination to avoid imposition of liquidated damages.

7.7     The damages for such claim is his accrued and unpaid vacation/paid time off together with prejudgment interest on such sums through payment, double (or liquidated) damages equal to that principal sum for such non-payment, prejudgment interest and attorney's fees.

## COUNT IV

### Breach Contract

8.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 7.7 of this Complaint.

8.2     Defendant agreed to provide to Plaintiff vacation pay during her employment at an agreed annual accrual and carry forward rate.

8.3     The failure to provide to and pay to Plaintiff her earned vacation at her separation is a breach of contract.

8.4     The damages for such breach of contract is payment of accrued vacation or paid time off together with prejudgment interest on such sums through payment, and attorney fees and costs.

## COUNT V

### Quantum Meruit/Promissory Estoppel

9.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 8.4 of this Complaint.

9.2     Defendant offered to Plaintiff employment with the representation to Plaintiff that she would accrue vacation under a policy, if she accepted employment.

9.3      Defendant made these representations with expectation that such promises would induce Plaintiff to accept the terms of employment and provide employment services on behalf of Defendant while earning vacation or paid time off at the rates within the agreement.

9.4 In material reliance upon representations, Plaintiff did accept terms of employment and compensation with Defendant and did endeavor to and did provide employment services on behalf of and for the benefit of Defendant while accumulating and forbearing the use or payment of earned vacation or paid time off under the agreement. Plaintiff would not have taken these actions but for Defendant's representations.

9.5 Plaintiff's efforts in her position resulted in employment services being rendered by instead of Plaintiff using earned vacation or paid time off. Defendant received the benefit of her duties without compensating Plaintiff for earned vacation or paid time off or using additional staff for her services.

9.6 Defendant failed to adhere to its representations to Plaintiff by failing and refusing to compensate Plaintiff for her earned vacation or accrued time off at her separation.

9.7 Defendant has been unjustly enriched through electrical services provided by Plaintiff without payment of vacation and/or wages paid to other staff if Plaintiff had received her earned vacation or paid time off accumulated during her 5 years of employment.

9.8 As a direct and proximate result of Defendant's conduct as described under this count, Plaintiff has been damaged by the loss of her vacation or paid time off, if she had been compensated as agreed.

## Prayer for Relief

Plaintiff prays for and demands the following relief:

1. A judgment that Defendant has engaged in all of the conduct alleged in this Complaint, and that Defendant has, by engaging in such conduct, violated the Title VII and

OADA, breached its contract with Plaintiff, violated the wage statutes and committed promissory estoppel.

2. A judgment against Defendant awarding Plaintiff an amount equal to the back pay, including lost commissions, bonuses and benefits, she would have received from termination through the date of judgment, but for the sex discrimination and retaliation.

3. A judgment awarding Plaintiff an amount equal to the front pay, including lost bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from Defendant had her employment with Defendant not been terminated.

4. A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's violations.

5. A judgment against Defendant awarding Plaintiff exemplary or liquidated damages to punish and make an example of Defendant for its violation of the Title VII and OADA and Oklahoma law.

6. A judgment for mental and emotional distress.

7. A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

8. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,


        s/ Jeff A. Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK   73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

S/Jeff Taylor
JEFF A. TAYLOR