### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA ESPINOSA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-499-D |
| THERMACLINE TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Original Complaint and Demand for Jury Trial [Doc. No. 8]. Plaintiff has responded in opposition [Doc. No. 12] and Defendant has replied [Doc. No. 13]. The matter is now at issue.

## RELEVANT BACKGROUND

Plaintiff's Complaint [Doc. No. 1] alleges that she was the victim of sexual harassment by co-workers and managers throughout her employment as an electrician for Defendant. After reporting the harassment to Defendant's HR Director and the Equal Employment Opportunity Commission ("EEOC"), her employment was terminated on May 12, 2020 as part of a company-wide reduction in force. Plaintiff asserts that Defendant's actions were unlawful and brings two claims under Title VII of the Civil Rights of 1964 and the Oklahoma Anti-Discrimination Act ("OADA"). In Count I, she claims that Defendant maintained a hostile work environment and discriminated against her on the basis of sex. In Count II, she claims that her termination was done in retaliation

1

for her reporting the sexual harassment.[1]

As a prerequisite to filing suit under Title VII, a plaintiff "must exhaust [her] administrative remedies by filing a charge with the EEOC" within "300 days from the date of the alleged unlawful conduct." *Riley v. Tulsa Cty. Juv. Bureau ex rel. Tulsa Cty. Bd. of Comm'rs*, 421 F. App'x 781, 783 (10th Cir. 2010) (unpublished). Defendant seeks dismissal of Count II of the Complaint because a charge of discrimination with respect to the retaliatory termination was not timely filed. In support of this argument, Defendant has attached three documents to its motion to dismiss: an initial charge of discrimination signed by Plaintiff on March 5, 2020; a dismissal and notice of right to sue issued by the EEOC on February 25, 2021; and a second charge of discrimination signed by Plaintiff on May 10, 2021. Only the second charge, Defendant argues, relates to the retaliatory termination and it was submitted outside the filing period.

Plaintiff does not dispute the authenticity of these documents but argues that the retaliatory termination charge relates back to the timely-filed initial charge, and that other information she provided to the EEOC was sufficient to qualify as a valid charge of discrimination. She supports this argument by including several emails she exchanged with EEOC personnel and a pre-charge inquiry form she submitted to the EEOC. Defendant disputes the authenticity of these documents and asserts that they are not properly before the Court. After resolving whether the extraneous documents may be considered, the Court will address whether Plaintiff has stated a plausible claim.

---

[1] Plaintiff voluntary dismissed the remaining claims asserted in the Complaint [Doc. No. 3].

## DISCUSSION

### A. Extraneous Documents

When considering a Rule 12(b)(6) motion, the court's function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). Thus, "if matters outside the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss." *Id.* (citing Fed.R.Civ.P. 12(b)).

There is, however, "a limited exception to this rule: '[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (alteration in *Waller*). See also *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (Explaining that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

Plaintiff and Defendant have both submitted documents outside of the Complaint for consideration. Plaintiff has not raised any objection to Defendant's documents and does not request that the motion to dismiss be converted into a motion for summary judgment.

Defendant, on the other hand, asserts that Plaintiff's documents are not properly before the Court and specifically requests that the motion not be converted. Accordingly, the Court will not convert the motion into a motion for summary judgment and will not consider matters outside the pleadings unless they are referred to in the Complaint and central to the claims.

Applying this standard, the documents submitted by Defendant are properly before the Court. All of the documents are referred to in the Complaint and are central to Plaintiff's assertion that all conditions precedent have been satisfied. *See* Compl. ¶ 2.3 ("Plaintiff filed charges of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission. On February 25, 2021 the EEOC issued to Plaintiff a Notice of Right to Sue…."); ¶ 4.14 ("On March 5, 2020 Plaintiff filed a charge of discrimination with the EEOC."); ¶ 6.2 ("Plaintiff further filed an EEOC Charge of Sex Discrimination against Defendant during her employment."). Additionally, Plaintiff does not dispute their authenticity or otherwise argue that Defendant's documents should be excluded from the Court's consideration.

The same cannot be said for Plaintiff's documents. Although the documents might be important to Plaintiff's allegation that all conditions precedent have been met, none of the documents are specifically referred to in the Complaint. Further, Defendant objects to the authenticity of at least some of the documents. The documents submitted by Plaintiff are therefore not properly before the Court and cannot be considered when ruling on Defendant's motion to dismiss.

**B. Failure to State a Claim**

Defendant moves for dismissal of Plaintiff's retaliatory termination claim under Fed.R.Civ.P. 12(b)(6), arguing that the Complaint fails to plausibly allege exhaustion of administrative remedies.[2] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a pleading "does not need detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To bring a claim under Title VII, as Plaintiff seeks to do here, the aggrieved party must have filed a charge of discrimination with the EEOC within 300 days from the date of the alleged unlawful employment practice.[3] 42 U.S.C. § 2000e–5(e)(1). Similarly, to bring a claim under the OADA, the aggrieved party must have filed a charge with the EEOC or the state administrative agency within 180 days from the date of the alleged unlawful employment practice. Okla. Stat. tit. 25 § 1350(B). "[F]iling a charge within the

---

[2] "Although failure to exhaust is an affirmative defense, it may be raised in a motion to dismiss asserting a failure to state a claim when the grounds for this defense appear on the face of the complaint." *Burnett v. Oklahoma Dep't of Corr.*, 737 Fed. Appx. 368, 371 (10th Cir. 2018) (unpublished).

[3] Because Oklahoma "has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice," the time for filing a grievance with the EEOC is extended from 180 days to 300 days. *Morgan*, 536 U.S. at 109; *see also Riley*, 421 Fed.Appx. at 783.

specified time period [is] mandatory" and a "claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

In situations where multiple discriminatory acts have occurred, "[e]ach discrete discriminatory act starts a new clock for filing charges." *Id.* at 113. Thus, if "discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018). Further, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan,* 536 U.S. at 113. Termination of employment is considered a discrete act. *Id.* at 113.

The Complaint refers to "charges of discrimination and retaliation" that Plaintiff filed with the EEOC and specifically notes that a charge of discrimination was filed on March 5, 2020. Compl. ¶¶ 2.3, 4.14. This initial charge, however, detailed only discrimination based on age and sex; it did not describe any retaliatory conduct. The second charge did describe the retaliatory termination, but it was not asserted until May 10, 2021, well outside the filing period for both Title VII and the OADA. As a discrete act, the retaliatory termination required an additional or amended charge even though the conduct may relate to acts alleged in the initial charge of discrimination. *See Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014) (holding that plaintiff's Title VII claim for retaliation was unexhausted where her initial charge of discrimination alleged only sexual harassment and did not refer to retaliatory acts); *Martinez v. Potter*, 347 F.3d 1208, 1211

(10th Cir. 2003) (holding that employment actions that occurred after the conduct detailed in plaintiff's EEOC complaint were unexhausted).

Further, although the Complaint alleges the occurrence of a discrete act of discrimination occurring after the filing of the initial charge, it makes no factual allegations about the filing of a second charge or any attempt to amend the initial charge. Thus, even without reference to the documents submitted by Defendant, Plaintiff has not pled factual content that can allow the Court to draw the reasonable inference that Plaintiff exhausted her administrative remedies with respect to her retaliatory termination claim. Accordingly, Plaintiff has failed to state a claim with respect to Count II of her Complaint.

## CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss Count II of Plaintiff's Original Complaint and Demand for Jury Trial [Doc. No. 8] is **GRANTED**. Count II of Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED** this 28th day of October, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge